Filed 5/12/15  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DERIUS MARQUIS JOHNSON,<br><br>        Defendant and Appellant. | C077960<br><br>(Super. Ct. No. CRF12553) |

Appointed counsel for defendant Derius Marquis Johnson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment but direct the trial court to correct a clerical error in the abstract of judgment.

I

A complaint charged defendant with corporal injury on a cohabitant (count 1; Pen. Code, § 273.5, subd. (a)),[1] assault with a deadly weapon (count 2; § 245, subd. (a)(1)),

_____

[1] Undesignated statutory references are to the Penal Code.

1

battery with serious bodily injury (count 3; § 243, subd. (d)), and resisting a peace officer (count 4; § 148, subd. (a)(1)). The complaint alleged as to counts 1 and 2 that defendant inflicted great bodily injury. (§ 12022.7, subd. (e).)

Defendant pleaded no contest to count 1, on the understanding that he would be released from custody with a *Cruz* waiver,[2] and if in compliance at sentencing, would be sentenced to no more than the low term of two years in state prison, with the remaining counts and allegations dismissed.

According to the stipulated factual basis for the plea, on September 21, 2012, defendant got into a physical altercation with his live-in girlfriend, during which he inflicted a cut on her upper lip and other injuries.

The trial court found that this was an unusual case within the meaning of section 1203 and imposed five years of formal probation, including 365 days in county jail.

A petition to revoke defendant's probation was filed thereafter, charging that defendant violated the terms of probation by failing to report to the probation officer. An amended petition added that defendant allegedly committed a felony and a misdemeanor.

Defendant pleaded no contest to willfully resisting a peace officer (§ 148) and admitted the alleged violations of probation.

The trial court revoked defendant's probation and imposed a three-year state prison sentence. The court awarded defendant 469 days of presentence custody credit (325 actual days and 144 conduct days). The court imposed the previously suspended restitution fine of $240 (§ 1202.4, subd. (b)) and imposed a suspended parole revocation restitution fine in the same amount (§ 1202.45), along with a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Nonetheless, our review of the record discloses a clerical error in the abstract of judgment. The abstract of judgment indicates that defendant was awarded 124 days of presentence conduct credit, when in fact the trial court awarded 144 days of presentence conduct credit. We will direct the trial court to correct the abstract of judgment.

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect that defendant was awarded 144 days of presentence conduct credit. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


           MAURO          , J.


We concur:


     ROBIE          , Acting P. J.


     HOCH          , J.